IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMON RE,

    Plaintiff,

v.                                                                  No.  CIV-08-0447 LCS/WDS

TERRY WAYNE HUSTEAD, and
IRON EAGLE EXPRESS, INC., and
EAGLE EYE LOGISTICS, LLC, and
SENTRY SELECT INSURANCE CO., and
STATE OF NEW MEXICO,

    Defendants.

## ANSWER OF DEFENDANT TERRY WAYNE HUSTEAD
## AND JURY DEMAND

    Defendant Terry Wayne Hustead (hereinafter referred to as "Mr. Hustead"), by and through his attorney, Miller Stratvert P.A., answers Plaintiff's Complaint as follows:

    1.    Mr. Hustead has not sufficient information to form a belief as to the truth of any allegations in paragraph 1, and therefore they are denied.

    2.    Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 2, and therefore they are denied.

    3.    The allegations of paragraph 3 are admitted.

    4.    In response to paragraph 4, Mr. Hustead admits that Iron Eagle Express was the motor carrier he was driving for, as documented in the Uniform Crash report; Mr. Hustead has not sufficient information to form a belief as to the remaining allegations and therefore denies the same.

    5.    In response to paragraph 5, Mr. Hustead admits that this information is documented in the Uniform Crash report.

6. In response to paragraph 6 Mr. Hustead admits this US DOT number was acquired by Eagle Eye Logistics after the date of this accident and all remaining allegations are denied.

7. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 7, and therefore they are denied.

8. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 8, and therefore they are denied.

9. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 9, and therefore they are denied.

10. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 10, and therefore they are denied.

11. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 11, and therefore they are denied.

12. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 12, and therefore they are denied.

13. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 13, and therefore they are denied.

14. Mr. Hustead denies that he left the scene of the accident as he did not know about an accident and as soon as Mr. Hustead learned of the accident he returned to the accident scene and he has not sufficient information to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore they are denied.

15. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 15, and therefore they are denied.

16. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 16, and therefore they are denied.

17. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 17, and therefore they are denied.

18. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 18, and therefore they are denied.

19. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 19, and therefore they are denied.

20. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 20, and therefore they are denied.

21. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 21, and therefore they are denied.

22. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 22, and therefore they are denied.

23. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 23, and therefore they are denied.

24. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 24, and therefore they are denied.

25. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 25, and therefore they are denied.

26. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 26, and therefore they are denied.

27. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 27, and therefore they are denied.

28. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 28, and therefore they are denied.

29. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 29, and therefore they are denied.

30. In response to paragraph 30 Mr. Hustead denies that he was engaged in unlawful activity on September 7, 2006, and he denies the remaining allegations in paragraph 30.

31. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 31, and therefore they are denied.

32. Mr. Hustead denies that he is liable for driver inattention and leaving accident scene and he has not sufficient information to form a belief as to the truth of the remaining allegations in paragraph 32, and therefore they are denied.

33. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 33, and therefore they are denied.

34. In response to paragraph 34 Mr. Hustead admits the language of that particular statute and he denies that he violated it on any date applicable to the Complaint.

35. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 35, and therefore they are denied. To the extent that this paragraph can be construed to allege fraud, it is not pled with sufficient particularity. Mr. Hustead denies that any of his separate or collective actions were illegal and caused other injuries upon Plaintiff.

36. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 36, and therefore they are denied.

37. Mr. Hustead has not sufficient information to form a belief as to the truth of the allegations in paragraph 37, and therefore they are denied.

38. Mr. Hustead denies any allegations not heretofore specifically addressed.

## ADDITIONAL DEFENSES

1. Plaintiff's claims against this Defendant, in whole or in part, fail to state a cause of action for which relief may be granted, including but not limited to the claims for civil rights violations, for actions under color of law, for misrepresentation or fraud, for conspiracy, and for punitive damages.

2. To the extent that Plaintiff sustained injuries and damages as alleged, which is specifically denied, these injuries and damages were caused in whole or in part by Plaintiff's own negligence or by the negligence of other third-parties for whom this Defendant is not responsible.

3. If Plaintiff sustained injury and damage as alleged, which is specifically denied, the injury and damage was the direct and proximate result of a pre-existing condition for which this Defendant is not responsible.

4. If Plaintiff sustained injury and damage as alleged, which is specifically denied, the injury and damage was caused, in whole or in part, by the negligence of other named parties or un-named third-parties.

5. Plaintiff failed to exercise reasonable care to mitigate his alleged damages and injuries, thereby barring or limiting any claims or recovery in this matter.

      6.      Plaintiff's claims are barred or limited by the applicable statutes of limitations or repose.

      7.      Plaintiff's claims are barred or limited by his failure to give notice of his claims under the New Mexico Tort Claims Act.

      8.      Defendant states that punitive damages are barred by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America, and Article II, Sections 13, 14 and 18 of the Constitution of the State of New Mexico and, further, under the facts of this case, an award of punitive damages is not justified and an award of punitive damages will constitute denial of equal protection, a denial of due process and/or the imposition of an excessive fine.

      9.      To the extent that Plaintiff's claims against Defendant can be construed to allege fraud, fraudulent concealment or misrepresentation, those claims are not plead with sufficient particularity.

      10.      Plaintiff's claims do not state a cause of action for which the Federal District Court of New Mexico has subject matter jurisdiction.

## **DEMAND FOR JURY**

Mr. Hustead respectfully requests a trial by jury on all issues so triable.

WHEREFORE, Mr. Hustead prays that Plaintiff's Complaint be dismissed with prejudice, or in the alternative, that judgment be entered in his favor; for his attorneys' fees and costs incurred in connection with this action; and for such other and further relief as to the Court may deem just and proper.

Respectfully submitted,

MILLER STRATVERT P.A.

Electronically Filed

By /s/ Thomas R. Mack
    THOMAS R. MACK
    W. SCOTT JAWORSKI
    Attorneys for Defendants Hustead,
    Eagle Eye Logistics, LLC and Sentry Select Ins. Co.
    Post Office Box 25687
    Albuquerque, New Mexico  87125-0687
    Telephone:  (505)  842-1950
    Facsimile:  (505)  243-4408

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel registered to receive electronic service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Paul T. Yarbrough
Raul P. Sedillo
Butt Thornton & Baehr, P.C.
**ATTORNEYS FOR DEFENDANTS EAGLE EYE LOGISTIC, LLC**
ptyarbrough@btblaw.com
rpsedillo@btblaw.com


AND I FURTHER CERTIFY that on the 17th day of June, 2008, I also served the foregoing by First Class U.S. Mail, postage prepaid, on the following persons:

Amon Re
**PLAINTIFF PRO SE**
8401 Spain Rd., N.E., Apt. 54C
Albuquerque, NM  87111-2084


/s/ Thomas R. Mack
THOMAS R. MACK


P:\1-999\226\41084\Pleadings\Answer Hustead.doc