IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMON RE,

Plaintiff,

vs.                                                             CIVIL NO. 08-447 LH/WDS

TERRY WAYNE HUSTEAD and
IRON EAGLE EXPRESS, INC., and
EAGLE EYE LOGISTICS, LLC and
SENTRY SELECT INSURANCE CO.,

Defendants.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter is before the Court on Defendants' Motion to Dismiss as Discovery Sanctions. (Document #102)   Plaintiff Amon Re, who is proceeding *pro se,* has not responded to the motion and the time in which to do so has expired.  The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the motion should be granted.  The court makes the following findings and recommended disposition.

PROCEDURAL HISTORY

This matter arises out of a traffic accident.  On September 9, 2008 Defendants filed a motion to compel initial disclosures from Plaintiff.  (Document # 48) The Court granted the motion, ordering Plaintiff to provide his initial disclosures as required under Fed.R.Civ.P. 26 to Defendants

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

by October 24, 2008. (Document #51) On November 21, 2008 Defendants filed their second motion to compel initial disclosures, (Document #70), as Plaintiff had not complied with the Court's earlier order. The Court entered an order (Document #94) directing Plaintiff to serve initial disclosures on Defendants as required by Rule 26(a)(1) by March 16, 2009, and advising Plaintiff that a failure to comply with the order could result in the dismissal of the lawsuit.

The instant motion was filed on April 8, 2009. Plaintiff has yet to provide his Rule 26 disclosures to Defendants.

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides that a party may be sanctioned for failure to make Rule 26 disclosures or for failure to otherwise participate in discovery. Defendants' first two discovery motions were in compliance with Rule 37. Despite two orders from the Court, Plaintiff has not provided initial disclosures in compliance with Rule 26. Rule 37(b)(2)(A)(v) and Rule 37(c) provide that an appropriate sanction is dismissal of the action in whole or in part if a party ignores discovery orders or fails to make Rule 26 disclosures. In view of the Plaintiff's willful failure to participate in discovery or comply with discovery orders, the Court recommends that this matter be dismissed, in its entirety, with prejudice.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

2